CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB - 4 2013
JULIA C. DUDLEY, CLERK
BY: /s/ _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ADAM BARRETT, | ) | Civil Action No. 7:13-cv-00021 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MAJOR PILKENTON, et al., | ) | By:   Hon. Jackson L. Kiser |
|    Defendants. | ) |       Senior United States District Judge |

Christopher Adam Barrett, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Major Pickins, Director of the Southwest Virginia Regional Jail – Abingdon facility ("Jail"); the Jail Medical Department Staff; the Virginia Department of Corrections ("VDOC"); Howard Clark, the VDOC's Director; and VDOC Medical Staff. Plaintiff alleges he receives inadequate medical treatment at the Jail, in violation of the Eighth Amendment of the United States Constitution. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the action without prejudice for failing to state a claim upon which relief may be granted.

I.

A.

Plaintiff lists in the claims section on the form complaint, "Violation of Eighth Amendment medical claim"; "deliberate indifference to serious medical needs"; and "substantial risk of harm exists." In the accompanying cover letter, plaintiff asks me to consider the issues described in grievances because "it is self explanatory."

The grievances reveal that plaintiff is in remission from testicular cancer and has "histofibrosis" in his lungs. Plaintiff speculates that he has kidney disease, kidney failure, or heart disease because his recent laboratory results showed elevated blood urea levels. Plaintiff experiences "grave emotional and mental" distress because of the Jail's medical personnel, who are "very unprofessional," and inadequate "medical provisions." Although Dr. Ofogh and Nurse Neese expedited plaintiff's request for a transfer to a VDOC facility, plaintiff remains at the Jail and has lost approximately twenty-five pounds over an unspecified period of time. Plaintiff allegedly wrote a letter to defendant Clark, informing him of this information and requesting an immediate transfer to a VDOC facility that can treat his medical needs.

**B.**

Plaintiff filed a motion to amend to correct "Major Pickins" to "Major Pilkenton" and to update the facts, which I grant pursuant to Rule 15(a), Fed. R. Civ. P. The updated facts explain that plaintiff experiences more pain and still has blood in his urine and that the Jail Medical Department Staff referred him to an oncologist and gave him Tylenol and Motrin, which allegedly harm plaintiff's kidneys and overall condition.

**II.**

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to

2

dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The VDOC, VDOC Medical Staff, and Jail Medical Department Staff are not appropriate

3

defendants because they are not "persons" subject to § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) (stating states and governmental entities that are considered arms of the state are not "persons" subject to § 1983); Brownlee v. Williams, No. 2:07cv0078, 2007 U.S. Dist. LEXIS 20650, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that the Otisville Correctional Facility Medical Staff is not a person for purposes of § 1983).

Although Major Pilkenton and Clark are "persons" subject to § 1983, plaintiff fails to allege how they deprived plaintiff of any civil right. Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991)). Plaintiff cannot proceed against Major Pilkenton and Clark merely because they are the Directors of the Jail and the VDOC, respectively. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978) (recognizing supervisory liability under § 1983 may not be predicated on the theory of respondeat superior). Plaintiff also fails to establish that either Major Pilkenton or Clark was personally aware of facts indicating a substantial risk of serious harm and actually recognized the existence of such a risk. See Farmer v. Brennan, 511 U.S. 825, 838 (1994) (describing deliberate indifference to a serious medical need in violation of the Eighth Amendment). Accordingly, plaintiff fails to state a claim upon which relief may be granted.

## III.

For the foregoing reasons, I grant plaintiff's motion to amend and dismiss the Amended Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 4th day of February, 2013.

                                                      Senior United States District Judge